Davor Rukavina, Esq.
Texas Bar No. 24030781
Thomas D. Berghman, Esq.
Texas Bar No. 24082683
Garrick C. Smith, Esq.
Texas Bar No. 24088435
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Telephone:  (214) 855-7500
E-mail:      drukavina@munsch.com
             tberghman@munsch.com
             gsmith@munsch.com

PROPOSED COUNSEL TO THE
OIL AND GAS DEBTORS

Hudson M. Jobe
Texas Bar No. 24041189
**JOBE LAW PLLC**
6060 North Central Expressway, Suite 500
Dallas, TX 75206
(214) 807-0563
hjobe@jobelawpllc.com

PROPOSED COUNSEL TO
O'RYAN RANCHES, LTD.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SCANROCK OIL & GAS, INC., *et al.*, | § | Case No. 25-90001-mxm11 |
| | § | |
| Debtors.[1] | § | Joint Administration Requested |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE DEBTORS TO MAKE OR HONOR ROYALTY PAYMENTS AND WORKING
INTEREST DISBURSEMENTS, AND (II) GRANTING RELATED RELIEF**

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 10:00 A.M. (CT) ON FEBRUARY 12, 2025.

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

A VIRTUAL HEARING WILL BE CONDUCTED ON THIS MATTER ON FEBRUARY 12, 2025 AT 10:00 A.M. (CT) IN ROOM 128, U.S. COURTHOUSE, 501 W. TENTH STREET, FORT WORTH, TEXAS 76102. PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Scanrock Oil & Gas, Inc. (0380); O'Ryan Family Limited Partnership (1913); O'Ryan Production & Exploration Ltd. (9950); Ryan C. Hoerauf, Inc. (0493); Smackover Oil Treaters, Ltd. (9529); O'Ryan Ponderosa, LLC (1476); EON Production, LLC (0136) (collectively, the "Oil and Gas Debtors"); and O'Ryan Ranches, Ltd. (7184). The location of the Debtors' service address is 8180 Lakeview Center, Ste. 300, Odessa, TX 79765.

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1.650.479.3207 ACCESS CODE: 2309-445-3213. VIDEO COMMUNICATION WILL BE BY THE USE OF CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE MULLIN'S HOME PAGE. THE MEETING CODE IS 2310-650-8783. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE MULLIN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

COME NOW Scanrock Oil & Gas, Inc.; O'Ryan Family Limited Partnership; O'Ryan Production & Exploration, Ltd.; Ryan C. Hoerauf, Inc.; Smackover Oil Treaters Ltd.; O'Ryan Ponderosa, LLC; Eon Production, LLC (the "Oil and Gas Debtors"); and O'Ryan Ranches, Ltd. (collectively, the "Debtors"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "Bankruptcy Cases"), and file this their *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Make or Honor Royalty Payments and Working Interest Disbursements, and (II) Granting Related Relief* (the "Motion"), respectfully stating as follows:

## I.    RELIEF REQUESTED

1.    The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), on a final basis (i) authorizing the Debtors to pay certain prepetition amounts on account of outstanding royalty, working, and other interests (collectively, the "Interest Owner Payments") as they come due and payable in the ordinary course of business, and (ii) granting related relief.

## II.    JURISDICTION AND VENUE

2.    The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion constitutes a

core proceeding under 28 U.S.C. § 157(b)(2), a matter that arises exclusively under the provisions of the United States Code, Title 11 §§ 101 *et seq.* (as amended, the "Bankruptcy Code"), and as to which the Court accordingly has the power consistent with the United States Constitution to enter a final order. The Debtors expressly consent to such a final disposition by this Court. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 9007-1 and 9013-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Northern District of Texas (the "Local Rules"), and Section B.8(g) of the Procedures for Complex Cases in the Northern District of Texas (the "Complex Case Procedures").

### III.     BACKGROUND

4.      On February 3, 2025, Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.  On February 9, 2025 (the "Petition Date"), the remaining Debtors filed for chapter 11 in this Court for all of the Debtors to be jointly administered.  The Debtors continue to operate their business and to manage their estates as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No committee, trustee, or examiner has been appointed.

5.      A detailed background regarding the Debtors' businesses and the circumstances leading to the Bankruptcy Cases is set forth in the *Declaration of Brad Walker in Support of the Debtors' Chapter 11 Petitions and Requests for First-Day Relief* (the "First Day Declaration"), filed contemporaneously and incorporated by reference as if fully set forth herein.

6.      In the ordinary course of business, the Debtors incur obligations related to the
Interest Owner Payments that average approximately $120,000 per month in relation to
approximately 90 interest holders. The Interest Owner Payments are typically processed on or
around the 25th day of each month after reconciliation of revenues from the sale of oil, gas, and
other hydrocarbons.  As a result, the Debtors need to process and make the Interest Owner
Payments for the month of January 2025.

### IV.    BASIS FOR RELIEF REQUESTED

**A.      Payment of the Royalty Payments and Net Working Interest Payments is Necessary
to Preserve the Value of the Debtors' Business**

7.      Section 363(b) of the Bankruptcy Code authorizes a debtor, after notice and
hearing, to use property of the estate other than in the ordinary course of business, where it
articulates some business justification for doing so.  *See ASARCO, Inc. v. Elliot Mgmt. (In re
ASARCO, LLC)*, 650 F.3d 593, 601 (5th Cir. 2011) (quoting *In re Cont'l Air Lines, Inc.*, 780 f.2d
1223, 1226 (5th Cir. 1986)).   "The business judgment standard in section 363 is flexible and
encourages discretion."  *Id*.   "Where the debtor articulates a reasonable basis for its business
decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not
entertain objections to the debtor's conduct."  *Comm. of Asbestos-Relates Litigants v. Johns-
Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citing *In
re Curlew Valley Assocs.*, 14 B.R. 506, 513 (Bankr. D. Utah 1981)).

8.      The Bankruptcy Code further provides that a court "may issue any order, process,
or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.
11 U.S.C. § 105(a).  The Bankruptcy Court's ability, pursuant to section 105(a), to authorize
pre-confirmation payment of pre-petition claims where necessary to the reorganization is
commonly referred to as the "doctrine of necessity."  *See, e.g.*, *In re Floyd*, No. 20-02743-5-JNC,

2020 Bankr. LEXIS 2958, at *11–12 (Bankr. E.D.N.C. Oct. 20, 2020); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989).

9.      Under section 105(a) of the Bankruptcy Code and the "doctrine of necessity," the bankruptcy court may exercise its broad grant of equitable powers to permit the payment of prepetition obligations when such payment is essential to the continued operation of the debtors' business. *See, e.g.*, *In re Just for Feet, Inc.*, 242 B.R. 821, 824–25 (D. Del. 1999) (holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court . . . recognize[s] the court's power to authorize payment of prepetition claims when such payment is necessary for the debtor's survival during chapter 11"); *see also In re CEI Roofing, Inc.*, 315 B.R. 50, 56, 60–61 (Bankr. N.D. Tex. 2004) (holding that payment of certain prepetition claims under the doctrine of necessity is "based on both common sense and the express provisions of the Bankruptcy Code"); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2004) (authorizing the debtors to pay certain prepetition claims because "The court d[id] not wish the Debtors' business seriously damaged"). The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11–to facilitate the continued operation and rehabilitation of the debtor. *See In re Just for Feet, Inc.*, 242 B.R. 821. Accordingly, under section 105(a) and 363(b) of the Bankruptcy Code, the Court is empowered to grant the relief requested herein.

10.      Bankruptcy courts in the Fifth Circuit have routinely granted authority for debtors to continue to make and honor Interest Owner Payments. *See, e.g.*, *In re Whiting Petroleum*, No. 20-32021 (DRJ) (Bankr. S.D. Tex. Apr. 1, 2020); *In re Sanchez Energy Corp.*, No. 19-34508 (MI) (Bankr. S.D. Tex. Nov. 12, 2019); *In re EP Energy Corp.*, No. 19-35654 (MI) Bankr. S.D. Tex. Oct. 4, 2019); *In re Sheridan Holding Company II, LLC*, No. 19-35198 (MI) (Bankr. S.D. Tex.

Sept. 16, 2019); *In re Alta Mesa Res., Inc.*, No. 19-35133 (MI) (Bankr. S.D. Tex. Sept. 12, 2019);

*In re Halcon Resources Corp.*, No. 19-34446 (DRJ) (Bankr. S.D. Tex. Aug. 8, 2019).

11.     The same relief is also appropriate here, for the reasons stated herein. The Debtors'

continued satisfaction of the Interest Owner Payments is necessary, appropriate, and in the best

interests of the Debtors, the Debtors' estates, and all other parties in interest in these chapter 11

cases.  Accordingly, the Court should authorize the Debtors to pay the Interest Owner Payments

in an amount not to exceed $120,000 (the "Prepetition Cap") relating to amounts owed for January

2025 and continue to pay the Interest Owner Payments in the ordinary course of business.

**B.      The Debtors' Banks Should be Authorized to Honor Checks, Wire Transfers, and Electronic Fund Transfers**

12.     The Debtors have sufficient liquidity to pay the amounts described in this Motion

in the ordinary course of business.  In addition, under the Debtors' existing cash management

system, the Debtors can identify checks, wire transfers, or electronic fund transfer requests as

relating to an authorized payment in respect of the Interest Owner Payments. Accordingly, the

Debtors believe that there is minimal risk that checks, wire transfers, and electronic fund transfer

requests that the Court has not authorized will be honored inadvertently. The Debtors respectfully

request that the Court authorize and direct all applicable financial institutions, when requested by

the Debtors, to receive, process, honor, and pay any and all checks, wire transfers, or electronic

fund transfer requests in respect of the relief requested in this Motion. Further, the Debtors also

seek authority to issue new postpetition checks, wire transfers, or electronic fund transfer requests

to replace any prepetition checks, wire transfers, or funds transfers that may be dishonored or

rejected as a result of the commencement of these chapter 11 cases.

## V.     WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

13.     To successfully implement the relief sought herein, the Debtors request that the Bankruptcy Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## VI.     EMERGENCY CONSIDERATION

14.     The Debtors request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers the Court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and any delay in granting the relief requested could hinder their operations and cause irreparable harm. The failure to receive the requested relief during the first 21 days of these chapter 11 cases could severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring.

## VII.     RESERVATION OF RIGHTS

15.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law,

or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise)

satisfied pursuant to this Motion are valid, and the Debtors expressly reserve their rights to contest

the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief

sought herein, any payment made pursuant to the Court's order is not intended and should not be

construed as an admission as to the validity of any particular claim or a waiver of the Debtors'

rights to subsequently dispute such claim.

## VIII.   **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request entry of the

Order, substantially in the form attached hereto as Exhibit A, (a) granting the relief requested

herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 9th day of February, 2025.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: */s/ Thomas D. Berghman*
        Davor Rukavina, Esq.
        Texas Bar No. 24030781
        Thomas D. Berghman, Esq.
        Texas Bar No. 24082683
        Garrick C. Smith, Esq.
        Texas Bar No. 24088435
        500 N. Akard St., Ste. 4000
        Dallas, TX 75201
        Telephone: (214) 855-7500
        E-mail: drukavina@munsch.com
        E-mail: tberghman@munsch.com
        E-mail: gsmith@munsch.com

**PROPOSED COUNSEL TO THE
OIL AND GAS DEBTORS**

- and -

**JOBE LAW PLLC**

By: */s/ Hudson M. Jobe*
        Hudson M. Jobe
        Texas Bar No. 24041189
        6060 North Central Expressway, Suite 500
        Dallas, TX 75206
        (214) 807-0563
        hjobe@jobelawpllc.com

**PROPOSED COUNSEL TO
O'RYAN RANCHES, LTD.**

**CERTIFICATE OF SERVICE**

    An omnibus Certificate of Service concerning all "first day" motions shall be separately filed by the Debtor, which shall reflect service of this Motion.

By: */s/ Thomas D. Berghman*
        Thomas D. Bergman, Esq.