Eric M. English
Texas Bar No. 24062714
M. Shane Johnson
Texas Bar No. 24083263
Jack M. Eiband (*pro hac vice* forthcoming)
Texas Bar No. 24135185
Sage L. Knapp (*pro hac vice* forthcoming)
Texas Bar No. 24137979
**PORTER HEDGES LLP**
1000 Main St., 36th Floor
Houston, TX 77002
Tel: (713) 226-6000
Fax: (713) 226-6248
eenglish@porterhedges.com
sjohnson@porterhedges.com
jeiband@porterhedges.com
sknapp@porterhedges.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| SCANROCK OIL & GAS, INC., *et al.*, | § | Case No. 25-90001-mxm11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE EMERGENCY MOTION OF THE AD HOC ROYALTY INTEREST OWNERS GROUP FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF AN OFFICIAL COMMITTEE OF ROYALTY INTEREST OWNERS**

[Relates to Docket No. 125]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, if any, are: Scanrock Oil & Gas, Inc. (0380); O'Ryan Family Limited Partnership (1913); O'Ryan Production & Exploration Ltd. (9950); Ryan C. Hoerauf, Inc. (0493); Smackover Oil Treaters, Ltd. (9529); O'Ryan Ponderosa, LLC (1476); EON Production, LLC (0136) (collectively, the "Oil and Gas Debtors"); and O'Ryan Ranches, Ltd. (7184). The location of the Debtors' service address is 8180 Lakeview Center, Ste. 300, Odessa, TX 79765.

**OBJECTION** - 1 -
17162487

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") hereby files this Objection (the "Objection") to the *Emergency Motion for an Entry of an Order Directing the Appointment of an Official Committee of Royalty Interest Owners* [Docket No. 125] (the "Motion") filed by the Ad Hoc Royalty Interest Owners Group[2] (the "Ad Hoc Group"). In support of the Objection, the Committee respectfully states as follows:

## I. PRELIMINARY STATEMENT

1. Although the Committee is sympathetic to royalty interest owners that have not been paid along with other general unsecured creditors, appointing a royalty owners committee would be an extraordinary action that is not justified in this case. Adding an additional official committee to protect the interests of a subset of unsecured creditors is not warranted because the Committee adequately represents their interests and the Debtors' current cashflows cannot support another committee. Thus, appointing the committee is not only unnecessary, but any benefit is outweighed by the cost.

## II. RELEVANT BACKGROUND

2. On February 3, 2025, Scanrock Oil & Gas, Inc. and O'Ryan Ranches, Ltd. filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

3. On February 9, 2025, (the "Petition Date") the remaining debtors filed for relief under chapter 11 in this Court, and for all the Debtors to be jointly administered.

---

[2] The *Verified Statement of the Ad Hoc Royalty Group Pursuant to Bankruptcy Rule 2019* [Docket No. 85] states that the Ad Hoc Group consists of: Mary Gale Ramsey, Robert K. Ramsey, and Marcia R. Pool. These related parties share the same address.

4. Pursuant to 1107(a) and 1108 of the Bankruptcy Code, the Debtors are acting as debtors-in-possession and continue to operate their business and to manage their estates.

5. On March 13, 2025, the Ad Hoc Group filed the Motion, seeking the appointment of an official committee of royalty interest holders (the "Royalty Owner Committee").

6. On March 18, 2025, the US Trustee filed the *Notice of Appointment of the Official Committee of Unsecured Creditors* [Docket No. 143].

### III.    OBJECTION

**A.    The Appointment of a Royalty Owners Committee is Not Necessary and Should Not Occur at This Time**

7. Courts agree that appointing an additional official committee constitutes extraordinary relief and that it is the exception rather than the rule in chapter 11 cases. *In re Eastman Kodak Co.*, No. 12-10202 ALG, 2012 WL 2501071, at *2 (Bankr. S.D.N.Y. June 28, 2012). In such extraordinary and rare circumstances, the bankruptcy court may appoint an additional committee:

> [o]n request of a party in interest, the court may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders. The United States Trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2). The Ad Hoc Group, as the moving party, has the burden of proving that an additional committee is necessary for adequate representation. *See id.*; *In re Spansion, Inc.*, 421 B.R. 151, 156 (Bankr. D. Del. 2009). This is an onerous standard that requires proof of more than a committee merely being deemed useful or appropriate. *In re Eastman Kodak Co.*, 2012 WL 2501071, at *2 ("[11 U.S.C. § 1102(a)(2)] requires a court to find that appointment of an official committee is 'necessary' for equity holders' interests to be adequately represented, a high standard that is far more onerous than if the statute merely provided that a committee be useful or

**OBJECTION** - 3 -
17162487

appropriate."). The determination is made on a case-by-case basis at the discretion of the court. *In re Enron Corp.*, 279 B.R. 671, 685 (Bankr. S.D.N.Y. 2002).

8. As stated by the Ad Hoc Group, courts have looked at other factors in reviewing the adequacy of representation, including: (1) the ability of the committee to function; (2) the nature of the case; and (3) the standing desires of the various constituencies. *Id*. No single factor is dispositive. *Id.*

    **i.** **The nature of the case is not one that calls for an additional special committee.**

9. An additional committee is not appropriate based on the nature of the case. This case is not larger or more complicated than other cases to warrant such extraordinary relief, and there is insufficient cash on hand to pay another committee. Furthermore, the cases that the Ad Hoc Group cites involve large and complicated estates, which is simply not the case here. For example, the Ad Hoc Group relies heavily on *In re Beker Industries Corp.* as the foundation for its argument. *See* 55 B.R. 945 (Bankr. S.D.N.Y. 1985). Yet, *Beker* asserted liabilities of over $350 million, and the creditors were faced with issues not at play here, including a rapidly approaching expiration date of post-petition financing, a lack of clarity surrounding whether the credit holders are fully secured, and the need for the creditor body to accept available replacement financing. *Id.* at 949. Moreover, *Beker* had over four hundred creditors whose secured status was unclear. *Id.* Simply stated, the magnitude of *Beker* and the issues before those creditors are not the same in the case at hand.

    **ii.** **Royalty owners are already participating in the case in the absence of an official royalty owners committee.**

10. Crucially, royalty owners can participate in this case without the appointment of an official committee. There are two different ad hoc groups of royalty owners as well as royalty

**OBJECTION** - 4 -
17162487

owners that have already done so individually. *See* Docket Nos. 66, 85, 132. These individual royalty owners are free to pursue their individual interests.

### iii. The Committee has now been appointed and will take action.

11. The Motion was filed prior to the appointment of the Committee. To the extent the royalty owners are unsecured, the Committee has a fiduciary obligation to protect their interests. *See Johns-Manville Sales Corp. v. Doan (In re Johns Manville Corp.*), 26 B.R. 919, 925 (Bankr. S.D.N.Y. 1983) ("The committee owes a fiduciary duty to the creditors and must guide its actions so as to safeguard as much as possible the rights of minority as well as majority creditors.").

12. The Ad Hoc Group argues that the Royalty Owner Committee will add value in three core areas: (i) ensuring fair treatment in the claims and plan process, (ii) investigating and recovering diverted funds, and (iii) overseeing financial arrangements such as cash collateral usage. *See* Motion at ¶6. The Committee will handle all of these issues.

### B. The Costs of An Official Committee of Royalty Interest Owners Outweighs Any Potential Benefit and Value.

13. The costs to the estate of establishing an additional official committee outweigh any potential benefit. At this time, any value added is highly speculative. In fact, the only certain result of an additional committee is the expense of an additional set of professionals. *See In re Vital Pharm., Inc.*, 2022 WL 17968889, at *7. As discussed above, the royalty owners are already included in the Committee's constituency and the Committee will serve as an independent estate fiduciary for the benefit of unsecured creditors. Moreover, much of the work that the Motion envisions for the Royalty Owner Committee would be duplicative of work the Committee will undertake. Thus, the Royalty Owner Committee's cost would outweigh any of its perceived benefit, to the extent it exists.

## IV.    **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Committee respectfully requests that this court enter an order: (i) denying the Motion; (ii) granting the Committee such other and further relief to which it may be entitled, at law or equity

Respectfully submitted this 28th day of March, 2025.

        **PORTER HEDGES LLP**

        *Eric M. English*
        Eric M. English
        Texas Bar No. 24062714
        M. Shane Johnson
        Texas Bar No. 24083263
        Jack M. Eiband (*pro hac vice* forthcoming)
        Texas Bar No. 24135185
        Sage L. Knapp (*pro hac vice* forthcoming)
        Texas Bar No. 24137979
        **PORTER HEDGES LLP**
        1000 Main St., 36th Floor
        Houston, TX 77002
        Tel: (713) 226-6000
        Fax: (713) 226-6248
        eenglish@porterhedges.com
        sjohnson@porterhedges.com
        jeiband@porterhedges.com
        sknapp@porterhedges.com

        *Proposed Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on March 28, 2025, a true and correct copy of the foregoing document was served via email through the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                                   *Eric M. English*
                                                   Eric M. English